David J. McGlothlin, Esq. (SBN:026059)
david@southwestlitigation.com
**Hyde & Swigart**
One East Camelback Road, Suite 300
Phoenix, AZ 85012
Telephone:   (602) 265-3332
Facsimile:    (602) 230-4482

Attorneys for the Plaintiff
Fred Griffin

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Fred Griffin | **Case Number:** |
| Plaintiff, | **Complaint For Damages** |
| v. | **Jury Trial Demanded** |
| Pioneer Credit Recovery Inc. | |
| Defendant. | |

## INTRODUCTION

1.    The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.  Fred Griffin, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Pioneer Credit Recovery Inc., ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4.  Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

5.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

6.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA")

7.  Because Defendant does business within the State of Arizona, personal jurisdiction is established.

8.  Venue is proper pursuant to 28 U.S.C. § 1391(c).

## PARTIES

9.  Plaintiff is a natural person who resides in the City of Chandler, County of Maricopa, State of Arizona.

10. Defendant is located in the City of Arcade, the County of Wyoming, and the State of New York.

11. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of

debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

13. At all times relevant to this matter, Plaintiff was an individual residing within the State of Arizona.

14. At all times relevant, Defendant conducted business within the State of Arizona.

15. Sometime before December 5, 2008, Plaintiff is alleged to have incurred certain financial obligations.

16. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

17. Sometime thereafter, but before December 5, 2008, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

18. Subsequently, but before December 5, 2008, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

19. On or about December 5, 2008, Defendant mailed a dunning letter to Plaintiff. A few days later, Plaintiff received that letter.

20. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

21. On or about early January 2009, Plaintiff started receiving telephone calls from Defendant at Plaintiff's place of employment.  These telephone calls were "communications" as 15 U.S.C. §1692a(2) defines that term.

22. On or about January 7, 2009, a coworker of Plaintiff's, a third party, as that phrase is anticipated by 15 U.S.C. §1692c(b), received a call from Defendant regarding Plaintiff's alleged debt.  This call was a "communication" as 15

U.S.C. §1692a(2) defines that term.  This communication to a third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.  This communication to this third party was not provided for in 15 U.S.C. § 1692b.  By making said communication to a third party, Defendant violated 15 U.S.C. § 1692c(b).

23. On or about January 15, 2009 at 5:54 p.m., Plaintiff received a telephone call from Defendant at Plaintiff's place of employment.  This telephone call was a "communication" as 15 U.S.C. §1692a(2) defines that term.

24. During this conversation with Defendant, Plaintiff advised Defendant that Plaintiff's employer prohibited Plaintiff from receiving such communications at Plaintiff's place of employment in a manner consistent with 15 U.S.C. §1692c(a)(3), and also advised Defendant that calls at Plaintiff's place of employment was inconvenient, as prescribed in 15 U.S.C. §1692c(a)(1).

25. On or about January 15, 2009, a business associate of Plaintiff's, a third party, as that phrase is anticipated by 15 U.S.C. §1692c(b), received a call from Defendant regarding Plaintiff's alleged debt. This call was a "communication" as 15 U.S.C. §1692a(2) defines that term. This communication to a third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.  This communication to this third party was not provided for in 15 U.S.C. § 1692b.  By making said communication to a third party, Defendant violated 15 U.S.C. § 1692c(b).

26.  On or about January 16, 2009, Plaintiff received a telephone call from Defendant at Plaintiff's place of employment.   This telephone call was a "communication" as 15 U.S.C. §1692a(2) defines that term.

27.  Because Defendant knew or had reason to know that the Plaintiff's employer prohibits Plaintiff from receiving such communications and that such calls were inconvenient, this action by Defendant violated 15 U.S.C. § 1692c(a)(1) and 15 U.S.C. § 1692c(a)(3).

28.  On or about January 20, 2009 at 11:26 a.m., Plaintiff received a telephone call from Defendant at Plaintiff's place of employment.   This telephone call was a "communication" as 15 U.S.C. §1692a(2) defines that term.

29.  Because Defendant knew or had reason to know that the Plaintiff's employer prohibits Plaintiff from receiving such communications and that such calls were inconvenient, this action by Defendant violated 15 U.S.C. § 1692c(a)(1) and 15 U.S.C. § 1692c(a)(3).

30.  On or about January 20, 2009 at 1:34 p.m., Plaintiff received a telephone call from Defendant at Plaintiff's place of employment.   This telephone call was a "communication" as 15 U.S.C. §1692a(2) defines that term.

31.  Because Defendant knew or had reason to know that the Plaintiff's employer prohibits Plaintiff from receiving such communications and that such calls were inconvenient, this action by Defendant violated 15 U.S.C. § 1692c(a)(1) and 15 U.S.C. § 1692c(a)(3).

32.  On or about January 21, 2009 at 8:39 a.m., Plaintiff received a telephone call from Defendant at Plaintiff's place of employment.   This telephone call was a "communication" as 15 U.S.C. §1692a(2) defines that term.

33.  Because Defendant knew or had reason to know that the Plaintiff's employer prohibits Plaintiff from receiving such communications and that such calls were inconvenient, this action by Defendant violated 15 U.S.C. § 1692c(a)(1) and 15 U.S.C. § 1692c(a)(3).

HYDE & SWIGART
Phoenix, Arizona

34.   On or about January 21, 2009 at 10:08 a.m., Plaintiff received a telephone call from Defendant at Plaintiff's place of employment.  This telephone call was a "communication" as 15 U.S.C. §1692a(2) defines that term.

35.   Because Defendant knew or had reason to know that the Plaintiff's employer prohibits Plaintiff from receiving such communications and that such calls were inconvenient, this action by Defendant violated 15 U.S.C. § 1692c(a)(1) and 15 U.S.C. § 1692c(a)(3).

36.   On or about January 21, 2009 at 11:13 a.m., Plaintiff received a telephone call from Defendant at Plaintiff's place of employment.  This telephone call was a "communication" as 15 U.S.C. §1692a(2) defines that term.

37.   Because Defendant knew or had reason to know that the Plaintiff's employer prohibits Plaintiff from receiving such communications and that such calls were inconvenient, this action by Defendant violated 15 U.S.C. § 1692c(a)(1) and 15 U.S.C. § 1692c(a)(3).

38.   On or about January 22, 2009, Defendant attempted to contact Plaintiff by telephone at his place of employment three separate times.  These telephone calls were a "communication" as 15 U.S.C. §1692a(2) defines that term.

39.   Because Defendant knew or had reason to know that the Plaintiff's employer prohibits Plaintiff from receiving such communications and that such calls were inconvenient, this action by Defendant violated 15 U.S.C. § 1692c(a)(1) and 15 U.S.C. § 1692c(a)(3).

40.   On or about January 23, 2009 at 9:07 a.m., Plaintiff received a telephone call from Defendant at Plaintiff's place of employment.  This telephone call was a "communication" as 15 U.S.C. §1692a(2) defines that term.

41.   Because Defendant knew or had reason to know that the Plaintiff's employer prohibits Plaintiff from receiving such communications and that such calls were inconvenient, this action by Defendant violated 15 U.S.C. § 1692c(a)(1) and 15 U.S.C. § 1692c(a)(3).

HYDE & SWIGART
Phoenix, Arizona

42. During this conversation with Defendant, Plaintiff advised Defendant that Plaintiff's employer prohibited Plaintiff from receiving such communications at Plaintiff's place of employment in a manner consistent with 15 U.S.C. §1692c(a)(3), and also advised Defendant that calls at Plaintiff's place of employment was inconvenient, as prescribed in 15 U.S.C. §1692c(a)(1).

43. Plaintiff had open heart surgery in November of 1999, and due to the stress and anxiety associated with Defendant's actions, including the total disregard of his request to not be contacted at his place of employment, Plaintiff has started suffering from numbness related to his heart condition. Plaintiff is currently under-going additional testing to diagnose his present condition.

**CAUSES OF ACTION**

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692 ET SEQ.**

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

46. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

//

//

HYDE & SWIGART
Phoenix, Arizona

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

47.   An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

48.   An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

49.   An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

### TRIAL BY JURY

50.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: January 30, 2009                    **Hyde & Swigart**

                                          By: /s/ David J. McGlothlin
                                          David J. McGlothlin
                                          Attorneys for the Plaintiff

HYDE & SWIGART
Phoenix, Arizona